FILED

2017 Jul-21 PM 12:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| DR. DAVID INNISS, an individual and ) | |
| ANTHONY ADAMS, an individual, ) | |
| ) | **Case No.:** |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| VOICELOTS, INC., and CHLOE SLEDD,) | |
| An indivual and DOES 1-50, Inclusive, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiffs Dr. David Inniss and Anthony Adams, by and through their attorney of record,

The Daye Firm PC and Daniel Wolter Law Firm, LLC hereby complain against Defendants

Voicelots, Inc., Chloe Sledd, and DOES 1 through 50, inclusive, as follows:

## PARTIES

1.      Plaintiff Dr. David Inniss (hereinafter "Inniss" or "Plaintiff") is an individual

residing in the State of California.

2.      Plaintiff Anthony Adams (hereinafter  "Adams" or "Plaintiff") is an individual

residing in the State of Massachusetts.

3.      Defendant VoiceLots, Inc. (hereinafter "VoiceLots") is a Delaware corporation

doing business in the Northern District of Alabama.

4.      Defendant Chloe Sledd (hereinafter "Sledd") is a resident of the State of

Alabama.

5.      The true names and capacities of Defendants DOES 1 through 50 ("DOES") are

unknown to Plaintiff, and Plaintiff will seek leave of Court to amend their Complaint to allege

such names and capacities as soon as they are ascertained.

6.      At all times relevant to this Complaint, Defendants VoiceLots and Sledd were

Complaint

employers subject to the California Labor Code.

## JURISDICTION AND VENUE

7.      This Court has personal jurisdiction over Defendants as they are residents of, have contacts with, and/or are doing business in the State of Alabama.

8.      This court has subject matter jurisdiction under 28 U.S.C. 1332 under the basis of diversity of citizenship.

9.      Venue is proper in the Southern Division of the Northern District of Alabama pursuant to 28 U.S.C.  1391(b)(3) because defendant is subject to personal jurisdiction here and there is no other district in which the action may be brought otherwise pursuant to this section. All of the acts alleged in the Complaint have been committed by Defendants.

## FACTUAL ALLEGATIONS

10.      Plaintiff Inniss began his employment with VoiceLots in December 2015. Inniss was Vice President of Product Development and managed a team that developed software for the VoiceLots platform.  He was uniquely qualified for this position due to his 17 years of product development experience. Shortly thereafter, in January 2016, Plaintiff Adams entered into an employment agreement with VoiceLots to provide certain software development services.  These agreements were made both verbally and via email with VoiceLots' CEO.

11.      Throughout their employment with VoiceLots, Plaintiffs had impeccable performance records. They were dedicated and hard-working, and routinely praised for their reliability and hard work by VoiceLots management.

12.      Despite Plaintiffs' outstanding service to VoiceLots, several violations of California law occurred during Plaintiffs' employment.

13.      Defendants have refused to pay either Plaintiff full wages due according to the agreements with Plaintiffs. VoiceLots did, however, elect to pay other VoiceLots employees during this time.

14.      On May 27, 2016, Plaintiff Inniss complained to Sledd about VoiceLots' refusal

Complaint

to honor the Agreement.  Inniss' complaint about his wages constitutes protected activity under the California Labor Code.  After he lodged his complaint, VoiceLots CEO Chloe Sledd and board member Corey Galloway demanded that Inniss provide his resume to evaluate whether Inniss was a "good fit for the Company."  At that time, Inniss was 6 months into his career with VoiceLots as a Vice President and had contributed significant amounts of unpaid labor to the company.

15.     On June 2, 2016, after VoiceLots refused to honor the Agreement for 3 months, Inniss reiterated his complaints about not being paid to CEO and President Sledd and Co-Founder Sharon Simmons in a video conference and via email.  Inniss' complaint constitutes protected activity under the California Labor Code.  In response to Inniss' complaint, Ms. Sledd immediately suspended Inniss' employment.

16.     Inniss was terminated on July 21, 2016. VoiceLots is taking the position that his Agreement is non-binding, he is not qualified for his position, and that it is untenable for him to continue working for the Company after making waves about his unpaid wages.  This form of retaliation is a violation of the California Labor Code.

17.     Plaintiff Adams has never received payment for any of the work he has done for the company despite oral and written agreements from Defendants to pay for his services.

## FIRST CAUSE OF ACTION

### [FAILRE TO PAY WAGES WHEN DUE IN VIOLATION OF LABOR CODE § 201]

### (Against Defendants and DOES 1 through 50)

18.     Plaintiffs re-allege and incorporate herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

19.     As of the date of Plaintiffs' termination, Plaintiffs were owed compensation by Defendant VoiceLots which has never been paid. Said wages remain due and unpaid to Plaintiffs.

20.     Labor Code § 201 requires that, if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

Complaint

21.     Defendant VoiceLots' failure to pay the full amount of earned wages due to Plaintiffs upon their termination was willful and deliberate, and Plaintiffs are entitled to penalties pursuant to Labor Code § 203.

22.     As a direct, foreseeable and proximate result of Defendants' actions, and each of them, Plaintiffs have suffered and incurred the loss of said earned wages which were due and payable at the time of her termination, in an amount according to proof at trial.

23.     As a result of Defendants' failure to pay Plaintiffs' their unpaid wages due at the time of termination, Plaintiffs are entitled to costs of suit, including reasonable attorneys' fees pursuant to Labor Code § 218.5.

## SECOND CAUSE OF ACTION

### [WAITING TIME PENALTIES (Labor Code § 203)]

### (Against Defendants and DOES 1 through 50)

24.     Plaintiffs re-allege and incorporate herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

25.     As of the date of their termination, Plaintiffs were owed compensation by Defendant VoiceLots, which has not been paid.  Said wages remain due and unpaid to Plaintiffs.

26.     Labor Code § 201 requires that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge pursuant to Labor Code § 201, the employer is liable to the employee for penalties.

27.     Defendant VoiceLots' failure to pay the full amount of earned wages due to Plaintiffs upon their termination was willful and deliberate, and Plaintiffs are entitled to penalties pursuant to Labor Code § 203.

28.     As a direct, foreseeable and proximate result of Defendants' actions, and each of them, Plaintiffs have suffered and incurred the loss of said earned wages which were due and payable at the time of their termination, in an amount according to proof at trial.

Complaint

29.     As a result of Defendants' failure to pay Plaintiffs their unpaid wages due at the time of termination, Plaintiffs are entitled to costs of suit, including reasonable attorneys' fees pursuant to Labor Code § 218.5.

### THIRD CAUSE OF ACTION (AS TO PLAINTIFF INNISS ONLY)

### [RETALIATION FOR PROTECTED CONDUCT CALIFORNIA LABOR CODE § 98.6]

### (As Against Defendant, and DOES 1-50)

30.     Plaintiff Inniss re-alleges and incorporate herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

31.     The retaliatory actions of Defendants against Plaintiff Inniss, as more fully set forth above, include retaliation against Inniss because Inniss requested payment of wages that were owed to them.  Inniss was retaliated against in violation of the California Labor Code, codified in California Labor Code § 98.6, because he requested payment for hours worked.

32.     As a proximate result of the acts of Defendants, and each of them, as described above, Plaintiff Inniss suffered economic damages, including lost wages and benefits, and other compensatory damages in an amount to be ascertained at the time of trial.

33.     As a further proximate result of the aforementioned acts of Defendants, and each of them, Plaintiff Inniss has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in body and mind all to Plaintiff's damage in an amount to be ascertained at the time of trial.

34.     As a proximate result of the acts of Defendants, as alleged above, Plaintiff Inniss has suffered physical and mental injuries and has necessarily expended sums in the treatment of such injuries, all to Plaintiff's damage in an amount to be ascertained at the time of trial.  As a further proximate result of the acts of Defendants, as alleged above, Inniss will necessarily continue to expend sums in the future for the treatment of the physical, emotional and mental injuries sustained by Inniss as a result of said Defendants' acts in an amount to be ascertained at the time of trial.

5

35.     As a direct and proximate result of the above-described acts of Defendants, Plaintiff Inniss has necessarily incurred attorney's fees and costs and, pursuant to the provisions codified in California Government Code Section 12965(b), Plaintiff is entitled to the reasonable value of such attorney's fees.

36.     The above-described acts of Defendants were willful, intentional, and malicious and done with the intent to vex, injure and annoy Plaintiff Inniss; and were done in conscious disregard of Plaintiff's rights, and, thus, warrant the imposition of exemplary and punitive damages in an amount sufficient to punish said Defendants and to deter others from engaging in similar despicable conduct.

## FOURTH CAUSE OF ACTION

### [BREACH OF CONTRACT]

**(As Against Defendant, and DOES 1-50)**

37. Plaintiffs re-allege and incorporate herein by reference, as though here fully set forth, every allegation of the foregoing Complaint. Wherever the incorporated allegations conflict with the allegations of this cause of action, they are alleged in the alternative.

38. Plaintiffs and defendants and each of them, entered into agreements whereby defendants, and each of them, agreed to pay wages to each Plaintiff for the Plaintiffs' labor and work product benefitting VoiceLots.

39. Plaintiffs performed all of the conditions, covenants and promises required by it to be performed in accordance with the terms and conditions of the contracts.

40. Defendants, and each of them, breached their agreements with Plaintiffs by failing and refusing to pay the agreed upon wages.

41. As a result of the breach of the defendants, and each of them, in the obligations pursuant to the contract, the wages due to Plaintiffs are now due, owing, and unpaid. Demand has been

Complaint

made on Defendants, and each of them, for repayment but Defendants, and each of them have failed and refused and continue to fail and refuse, to pay the sums owed to Plaintiffs.

42. Defendants, and each of them, have therefore breached their contracts with Plaintiffs, who have been damaged thereby by the lack of payment plus interest at the legal rate from and after the date due according to proof.

Dated: July 20, 2017

/s/ Anthony B. Daye
Anthony B. Daye

Attorney for Plaintiffs
Dr. David Inniss and Anthony Adams

OF COUNSEL:
The Daye Firm, PC
321 5th Street
Huntington Beach, CA 92648

/s/ Daniel S. Wolter
Daniel S. Wolter asb-8043-l55d

Attorney for Plaintiffs
Dr. David Inniss and Anthony Adams

OF COUNSEL:
Daniel Wolter Law Firm, LLC
402 Office Park Drive, Ste 100
Birmingham, AL 35223
(205) 983-6440 Telephone
(205) 900-8095 Facsimile
dwolter@wolterlawfirm.com

Complaint

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiffs Dr. David Inniss and Anthony Adams hereby demand a jury trial.

Dated: July 21, 2017

/s/ Anthony B. Daye
Anthony B. Daye

Attorney for Plaintiffs
Dr. David Inniss and Anthony Adams

/s/ Daniel S. Wolter
Daniel S. Wolter

Attorney for Plaintiffs
Dr. David Inniss and Anthony Adams

DEFENDANTS ARE TO BE SERVED CERTIFIED MAIL, RETURN RECEIPT REQUESTED AS FOLLOWS:

VoiceLots, Inc.
300 Delaware Avenue, Ste 210-A
Wilmington, Delaware 19801

Chloe Sledd
429 Cahaba Forest Cove
Birmingham, Alabama 35242

Complaint